DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN CALVIN GERMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0118

[March 27, 2024]

**CORRECTED OPINION**

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562007CF005089B.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

In *German v. State*, 284 So. 3d 572, 573 (Fla. 4th DCA 2019), this Court "reverse[d] the order on appeal and remand[ed] for the circuit court to reinstate its original order granting resentencing. The trial court should resentence appellant to a lawful sentence on remand, based on the controlling law at the time of resentencing." The State neither sought rehearing nor review in the Florida Supreme Court.

On remand, the circuit court entered an order requiring resentencing pursuant to our mandate. Three years after the mandate issued, the resentencing had not occurred. So the State sought to take advantage of a subsequent decision from the Florida Supreme Court. The circuit court agreed and declined to follow our mandate in light of the new authority.

There is no doubt that the Florida Supreme Court's subsequent decision would have been advantageous to the State had it been issued in

2019.  But the Florida Supreme Court's decision was not issued until years later.  Instead, our mandate was this Court's judgment requiring the circuit court to carry out a resentencing.  And, as to the original sentencing, "our judgment wiped the slate clean." *State v. Okafor*, 306 So. 3d 930, 933 (Fla. 2020) (internal citation omitted); *see also Morris v. State*, 328 So. 3d 1127, 1128 (Fla. 2d DCA 2021).  Our opinion and mandate clearly required the circuit court to "resentence appellant to a lawful sentence on remand, based on the controlling law at the time of resentencing." *German*, 284 So. 3d at 573.

Contrary to the State's argument, the circuit court could not revive the original sentence unless we recalled our mandate.  But, as the Florida Supreme Court has explained, we lack the authority to do so more than 120 days after the mandate issued.  *Okafor*, 306 So. 3d at 933 (citing § 43.44, Fla. Stat. (2019) and Fla. R. App. P. 9.340(a)).

Based on the foregoing, we vacate the circuit court's order reinstating German's prior sentence and remand to the circuit court with instructions to comply with this Court's 2019 mandate.

*Vacated and remanded.*

MAY and DAMOORGIAN, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***